Sims *vs.* The State of Georgia.

---

GEORGE SIMS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. It is not a good ground to quash an indictment that, in organizing the grand jury which found it, the judge discharged from the traverse jury a juryman summoned and sworn thereon, and placed him upon the grand jury for the term, and that he was chosen foreman thereof.

2. It is not a good ground to quash an indictment that it was found at an adjourned term of the superior court.

Criminal law. Indictment. Jury. Adjourned term. Before Judge HALL. Newton Superior Court. September Adjourned Term, 1873.

George Sims was placed on trial for the offense of rape. He moved to quash the indictment upon the following grounds :

1st. Because John T. Henderson, the foreman of the grand jury which returned the bill, was an illegal juror, as the *venire* showed that he was regularly drawn as a traverse juror and not as a grand juror.

To this ground the presiding judge attached the following note :

" It was stated on the argument of the motion to quash the indictment, by the court, and admitted to be true by counsel for Sims, that on the second Monday in September the grand jury was reduced below eighteen in number, and tales jurors were selected to fill up the panel. The grand jury was composed mainly of inexperienced men, and the sheriff was instructed to get three or four men of experience. He did so, and among the jurors summoned as talesmen was John T. Henderson. He was reported to the court as being on the special or traverse jury. He was discharged as a special or traverse juror, and was sworn as a grand juror."

2d. Because the indictment was returned at an adjourned term of the court.

The motion was overruled, and the defendant excepted.

The trial proceeded and resulted in a verdict of guilty. Error is assigned upon the above exceptions.

J. M. PACE; L. B. ANDERSON, by brief, for plaintiff in error.

T. B. CABANISS, solicitor general, by PEEPLES & HOWELL, for the state.

McCAY, Judge.

1. As we understand the facts—they are not very distinctly stated in the record—the judge, on the first day of the term at which the bill against the defendant was found, in organizing the grand jury for the general duties of the term, discharged a juror from the traverse jury and had him sworn in

as a grand juryman. This fact was specially pleaded on arraignment as a reason for quashing the indictment. We think the grand jury was not illegal, and the judge was right in sustaining a demurrer to the plea. Under our old law, when a class of men were separated from their fellow-citizens and fellow jurors, and set aside as grand jurors in consequence of their peculiar fitness for the duty, there might be something in such an objection, and there are expressions in some of the earlier cases before this court sustaining such a view as that a grand juryman is not a legal "bystander" to sit on a petit jury in a criminal case; that he is not a peer of the prisoner. But the constitution of 1868, and we think wisely, breaks up that distinction. All jurors are now required to be upright and intelligent men, and it is distinctly provided that there shall be no distinction in the classes of men selected for service on the grand and petit juries. They are now all drawn from the same box : Act of 1869. If anybody can complain it is the juryman himself, as he may prefer to serve as he was drawn to serve. The management of the details of the business of the court must be in the discretion of the court, and his discretion ought not to be interfered with unless abused. In this case it seems that the juryman was an experienced man, and the judge thought he could do better service on the grand than on the petit jury, a matter, too, in which the grand jury agreed with the judge, as they made him foreman. We do not think the jury was for this reason illegal.

2. It would be sticking very closely in the bark to give this act authorizing adjourned terms (Code, section 3245,) the narrow construction contended for. The language of the Code is that the judge may, in his discretion, hold adjourned terms when the business requires it, to close the dockets. Our opinion is, that the words "to close the dockets" does not and was not intended to limit the business done, as that no more business should go on the dockets, but that the authority was given to the judge to hold adjourned terms when it is necessary to close the dockets. This is the motive that is to operate in the discretion of the courts in holding the adjourned

term. Such has always been the construction of this authority, and we think rightly. The adjourned term is merely the continuance of the regular term, and the court, when thus in session, has the full power and jurisdiction of the superior court.

Judgment affirmed.